UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3249 |
| | ) | |
| JOHN KIRBY, ROBERT | ) | |
| BEIERMAN, ROBERT BEROLA, | ) | |
| GUY BOUVET, BRIAN CAREY, | ) | |
| CHRIS DOETSCH, MICHAEL | ) | |
| HERDT, ANGELA BEAL, and | ) | |
| BRENT FERRO, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in the Sangamon County Jail ("Jail"), pursues claims arising from various incidents at the Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer

1

and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).

Plaintiff's Complaint joins several unrelated claims against different Defendants, which is not permitted under Fed. R. Civ. P. 20.  Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012)("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007)("Unrelated claims against different defendants belong in different suits . . ."). If Plaintiff seeks to pursue each of these claims, he must file a separate complaint for each claim and pay a filing fee for each separate claim. The Court is required to collect installment payments on the filing fee from Plaintiff's trust fund account as funds become available, even if Plaintiff's case is dismissed. 28 U.S.C. § 1915(b). Additionally, a "strike" must be assessed if an action by a prisoner is dismised for failure to state a claim, or dismissed as frivolous or malicious. 28 U.S.C. § 1915(g). Plaintiff will not be able to proceed in forma pauperis after he has accumulated three strikes, unless he is in "imminent danger of serious physical injury." Id.

Upon review of Plaintiff's Complaint, the Court concludes that Plaintiff clearly states an excessive force claim against Defendant Carey. Plaintiff alleges that Defendant Carey ordered others to taser Plaintiff without justification, that Defendant Carey punched Plaintiff, and that Defendant Carey cuffed Plaintiff's hands so tightly that Plaintiff could not feel his arms. See Hudson v. McMillian, 503 U.S. 1, 5

(1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline.").

Plaintiff also appears to be alleging a failure to protect claim against Defendant Kirby. Plaintiff alleges Kirby has put Plaintiff at risk by placing Plaintiff on cell blocks where Plaintiff has enemies. Plaintiff alleges that his neck and back were injured as a result of these placements. To succeed on a failure to protect claim against Kirby, Plaintiff must prove that Kirby personally knew that Plaintiff was at risk of a substantial risk of serious injury and failed to protect Plaintiff from that risk. Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011). Negligence or knowledge of a general risk of danger is not enough. Id. Plaintiff's allegations against Kirby are vague.

Discerning any federal claims against any of the other Defendants is difficult. For example, Plaintiff alleges that Defendant Berola called Plaintiff a racial slur; Defendant Beierman "threatened and harassed Plaintiff," including "calling me out of my name"; and, Defendant Beal

told Plaintiff that Plaintiff deserves to die. While verbal abuse and harassment are unprofessional, that alone is not enough to state a constitutional violation. Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)(citations omitted). Plaintiff alleges that he fears "that they are going to make good on there [sic] threats to kill me," but he does not say who is threatening to kill him or give any specifics on what was said, when the statements were made, and in what context the statements were made. Plaintiff may be able to allege facts to allow a plausible inference that certain guards have made credible threats to kill him, but he has not done so in this Complaint.

Plaintiff also alleges that Defendant Bouvet has confiscated Plaintiff's cards and pictures, but Plaintiff does not give any further specifics. Plaintiff does not explain what cards and pictures were taken or the reason these items were taken. Plaintiff might be able to allege sufficient facts to state a First Amendment claim—Plaintiff arguably has a First Amendment right to possess photos and letters, subject to the legitimate concerns of the facility like security, safety, rehabilitation, and

space limitations.  Beard v. Banks, 548 U.S. 521 (2006)(no First Amendment violation for denial of newspapers, magazines, and photos to "specially dangerous and recalcitrant inmates").  However, the Court cannot discern a plausible First Amendment claim from Plaintiff's current conclusory allegations.

Plaintiff also alleges that Defendant Beal put Plaintiff in the "rubber room" for being disruptive because Plaintiff was trying to explain something and also put Plaintiff in a restraint chair for three hours for asking to use the bathroom.  Similarly, Plaintiff alleges that Defendants Ferro and Doetsch put Plaintiff in the rubber room because the breakfast tray had fallen out of Plaintiff's chuck hole and that Plaintiff was not given a bathroom break for hours.  Short term segregations for disruptive or insolent behavior do not violate the Constitution.  *See* Holly v. Wolfolk, 415 F.3d 678 (7th Cir.2005)(pretrial detainee's constitutional rights not violated by his two-day placement in segregation without a hearing).  Plaintiff may believe these actions were unfair, but those actions alone are not enough to amount to a serious deprivation.  In

short, not enough information is given to plausibly infer that Plaintiff suffered from an objectively serious deprivation or that Plaintiff's temporary placement in the "rubber room" was not justified by legitimate concerns of security and order.  The Court also has no authority to order an internal investigation or to fire Defendants.

The Court may remedy the misjoinder problems in Plaintiff's Complaint by severing Plaintiff's claims.  Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 682 (7th Cir. 2012).  However, the choice should be Plaintiff's, since opening new cases will subject Plaintiff to additional filing fees and the risk of being assessed "strikes" pursuant to 28 U.S.C. § 1915(g).  The Court will allow Plaintiff to proceed on his excessive force claim against Defendant Carey in this case, since that is the claim most readily discerned.  If Plaintiff wishes to proceed on his other claims, he must file a motion to sever, indicating which other claims he seeks to pursue.  The Court will then open a separate case for each additional claim Plaintiff seeks to pursue, direct Plaintiff to file a separate Complaint in each additional case, and assess a filing fee for

each additional case. If Plaintiff does not file a motion to sever, all claims and Defendants besides the excessive force claim against Defendant Carey will be dismissed, without prejudice to refiling.

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for October 29, 2012 is cancelled.

    2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a constitutional claim against Defendant Carey for excessive force. This case proceeds solely on the excessive force claim.

    3) By November 1, 2012, Plaintiff may file an amended complaint in this case regarding the excessive force claim against Carey, if Plaintiff seeks to name additional defendants who were personally involved in the alleged excessive force.

    4) Plaintiff's other claims and the other Defendants listed in his Complaint are not properly joined in this case. If Plaintiff wishes to pursue claims other than the excessive force claim, Plaintiff must file a

"motion to sever" by November 12, 2012, explaining which additional claims he seeks to pursue in separate cases. The Court will then open a separate case for each additional claim, direct Plaintiff to file a separate Complaint in each additional case, and assess a filing fee for each additional case. If Plaintiff does not file a motion to sever, the Court will dismiss, without prejudice, all of Plaintiff's claims and all of the Defendants, except for Plaintiff's excessive force claim against Carey.

ENTERED:     October 23, 2012

FOR THE COURT:

                                                     s/Sue E. Myerscough
                                                     SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE